

755 Magazine Street  
New Orleans, LA  70130  
T. 504 593 0669  
F. 504 566 4073  
baddison@deutschkerrigan.com

Bryce M. Addison

September 28, 2023

**sklein@shergarner.com**
Steven I. Klein, Esq.
**rluminais@shergarner.com**
Ryan O. Luminais, Esq.
**ccase@shergarner.com**
Curtis J. Case, Esq.
**Sher, Garner, Cahill, Richter,
   Klein & Hilbert, LLC**
909 Poydras St., Suite 2800
New Orleans, LA 70112

Re:  Paris Road Shopping Center, LLC, et al v. Certain Underwriters at Lloyd's London, et al
     24th JDC #846-594; Div.: L
     Deutsch Kerrigan File No.: 02694-00071

Dear Counsel:

As you are already aware, we have been retained to represent the interests of the Interested Insurers in the above captioned matter. Please allow this correspondence to serve as a formal demand for arbitration pursuant to the conditions of the insurance policy at issue.

I direct your attention to the SECTION VII – CONDITIONS, C. ARBITRATION CLAUSE, which provides as follows:

> C. ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.
>
> Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.
>
> Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred. If the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court.
>
> Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

Deutsch Kerrigan, L.L.P.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

Each party will pay its chosen Arbitrator, and also bear the other expenses of the Arbitration and Umpire equally.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.

A decision agreed to by any two members of the Arbitration Tribunal shall be binding. The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

As such, this will serve as a demand for arbitration strictly in accordance with the specific terms and conditions of the arbitration provisions referenced above.

We look forward to working with you on this matter. Please do not hesitate to give us a call if you have any questions or would like to discuss this in any further detail. Likewise, if your client has any interest in mediating this matter prior to any such arbitration, please let us know.

Sincerely,

*[signature]*

**BRYCE M. ADDISON**
BMA/cld

**EXHIBIT 3**