UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PARIS ROAD SHOPPING CENTER, LLC, ET AL. | CIVIL ACTION |
| VERSUS | NO: 23-5770 |
| CERTAIN UNDERWRITERS AT LLOYDS LONDON, ET AL. | SECTION: "J"(5) |

## ORDER& REASONS

Before the Court is a *Motion to Compel Arbitration and Stay Proceedings* (**Rec. Doc. 9**) filed by Defendants, Certain Underwriters at Lloyd's London, Indian Harbor Insurance Company, QBE Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE ("HDI"), Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company (collectively hereinafter "Defendants"). Plaintiffs, Paris Road Shopping Center, LLC ("Paris Road") and Azalea Garden Properties, LLC ("Azalea Garden"), opposed the motion (Rec. Doc. 14). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff Paris Road owns a retail shopping center in Chalmette, Louisiana, and Plaintiff Azalea Garden operates residential rental homes in Jefferson, Louisiana. (Rec. Doc. 1-2, at 3). Plaintiffs' properties sustained damage during

1

Hurricane Ida on August 29, 2021. At the time, Plaintiffs were insured by Certain Underwriters at Lloyd's London Subscribing to Policy No. AMR-66767-02 ("Lloyd's"), Indian Harbor Insurance Company, QBE Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE ("HDI"), Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company under a surplus lines commercial property insurance policy bearing Account No. 848906 (the "Policy").

On August 29, 2023, Plaintiffs filed the instant case in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Plaintiffs asserted claims against the Insurers for breach of contract, bad faith, and breach of the duty of good faith and fair dealing, based on Plaintiffs' allegations that the Insurers did not fully and timely pay Plaintiffs' insurance claims for property losses arising out of damage from Hurricane Ida. (Rec. Doc. 1-2). Plaintiff Paris Road states that the Insurers underpaid on its adjusted claim for loss and recoverable depreciation by $61,461.10, and Plaintiff Azalea Gardens states that the Insurers underpaid its adjusted claim by $97,443.71.

On September 28, 2023, Defendants sent a demand for arbitration to Plaintiff, in accordance with an arbitration clause included in the insurance policy. (Rec. Doc. 9-3). In the demand letter, Defendants note that the arbitration clause in the policy states that "[a]ll matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its

2

formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal. . . ." *Id.* at 1. The arbitration clause also includes a choice of law provision, which says that the "seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance." *Id.* at 2.

On October 4, 2023, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). (Rec. Doc. 1). Defendants now argue that the arbitration agreement in the insurance policy must be enforced and that this litigation must be stayed pending resolution of arbitration.

## LEGAL STANDARD

Louisiana law generally prohibits arbitration clauses. *See* La. Stat. Ann. § 22:868 ("No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state . . . shall contain any condition, stipulation, or agreement . . . [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer"). Nonetheless, the contract governing the set of policies issued by Defendants to Plaintiffs includes an arbitration clause that nominally submits "[a]ll matters in difference between the Insured and the Companies . . . in relation to this insurance, including its formation and validity . . . to an Arbitration Tribunal in the manner hereinafter set out." (Rec. Doc. 9-2, at 38). The Policy also provides that the arbitration "shall be in New York and the

Arbitration Tribunal shall apply the law of New York as the proper law of this insurance." *Id.*

Because Louisiana law would prohibit enforcement of this arbitration clause, Defendants must rely on some preemptory law if this motion is to be granted. They find that law in a treaty known as the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention").[1] The Convention, as implemented by Congress in 9 U.S.C. §§ 201 *et seq.*, requires this Court to enforce an arbitration clause if four criteria are met: "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004).

## DISCUSSION

In this case, the parties do not dispute that there is a written agreement to arbitrate, that the arbitration agreement provides for arbitration in a signatory nation, and that the agreement arises out of a commercial legal relationship.

In their motion, Defendants argue that the Policy falls under the Convention because it arises out of a commercial relationship between Plaintiff and all of the Insurers, including the foreign insurers, HDI and Lloyd's. (Rec. Doc. 9-2, at 1). Thus, Defendants argue, the arbitration agreement falls under the scope of the Convention, and the Insurers, including the Defendants, are entitled to an order compelling

---

[1] Where applicable, the Convention supersedes state law. See *McDonnel Grp., L.L.C. v. Great Lakes Ins. Se.*, 923 F.3d 427, 431–32 (5th Cir. 2019).

4

Plaintiff to submit to arbitration in accordance with the Policy. (Rec. Doc. 9-1, at 11). Alternatively, Defendants contend that, if the Court finds that the Convention does not apply to compel arbitration as to the movants, equitable estoppel requires compelling arbitration as to all of the Insurers in this case. *Id.* at 12.

Plaintiffs oppose Defendants' motion but also acknowledge that this action arises from the same insurance policy at issue in *Southland Square Apartments, LLC v. Indian Harbor Insurance Company*, a case in which this Court granted the defendants' Motion to Compel Arbitration and Stay Proceedings. *Southland Square Apartments, LLC v. Indian Harbor Ins. Co.*, No. 23-2329, 2023 WL 6458844, at *1 (E.D. La. Oct. 4, 2023).

The Policy here lists each Insurer separately and each policy with each Insurer under a different policy number. (Rec. Doc. 9-2). The policy also includes a clarification: "[a]lthough reference is made at various points in this clause to 'this Policy' in the singular, where the circumstances so require this should be read as a reference to Policies in the plural." *Id.* at 44. That same section (Section W: Several Liability Notice) sets forth that "[t]he liability of an insurer under this Policy is several and not joint with other Insurers party to this Policy." *Id.* The Policy also includes an endorsement that states, "This contract shall be constructed as a separate contract between the Insured and each of the Underwriters." *Id.* at 5. Thus, the plain language of the document suggests that it is to be read not as one contract but as several bound together for convenience and by commonality. Therefore, the Court reads the arbitration clause as a separate agreement between each Insurer and the

5

Plaintiff. Facially, that permits only the foreign Insurers to avail themselves of the arbitration clause on the basis of the Convention's preemption.

As to equitable estoppel, application is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract. Otherwise, the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted. *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000) (citation omitted; emphasis removed). As previously recognized in *Holts v. TNT Cable Contractors., Inc.*, "[a]rbitrating claims against [one defendant] while litigating claims against [others] could yield inconsistent results, waste time and resources, and thwart federal policy favoring arbitration." *Holts v. TNT Cable Contractors, Inc.*, No. 19-13546, 2020 WL 1046337, at *4 (E.D. La. Mar. 4, 2020). In a previous hurricane insurance case under an almost identical policy to the one at issue here, this Court explained that application of equitable estoppel is warranted for both foreign and domestic insurer signatories to a policy when the defendant insurers, without differentiation, acted identically and in unison in failing to pay out on the damage. See *City of Kenner v. Certain Underwriters at Lloyd's, London*, No. 21-2064, 2022 WL 307295 (E.D. La. Feb. 2, 2022).

Here, the Court finds that the conduct by the foreign Insurers and the domestic Defendants is intertwined, and indeed identical. The Insurers collectively insured the property, and they all, without differentiation, received proof of loss and failed to pay

6

the adjusted losses in full. Plaintiffs' arbitration of claims against the foreign Insurers while litigating claims against other Insurers could yield inconsistent results, waste time and resources, and thwart federal policy favoring arbitration. Therefore, application of equitable estoppel is warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the *Motion to Compel Arbitration and Stay Proceedings* (**Rec. Doc. 9**) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED AND ADMINISTRATIVELY CLOSED**, pending a final decision by the Arbitration Tribunal. If any issues remain after a final judgment by the Arbitration Tribunal, any party may file a written motion for leave to reopen this matter.

New Orleans, Louisiana, this 4th day of September, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE